UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>      v.<br><br>NAHUN NAVARRO-MEJIA,<br><br>                    Defendant. | No.  CR04-215Z<br><br>ORDER ON LIMITED REMAND |

This matter comes before the Court as a result of a LIMITED REMAND Memorandum of the Ninth Circuit Court of Appeals pursuant to United States v. Ameline, 409 F.3d 1073, (9th Cir. 2005) (en banc).  In accord with the limited remand procedures adopted in United States v. Ameline, each party may file a supplemental pleading addressing the sole question of whether the Court's sentencing decision "would have been materially different had the Judge been aware that the Guidelines were advisory."  Ameline, 409 F.3d at 1079.  The parties shall limit their supplemental pleadings to information as of the original sentencing date and such pleadings, not exceed 10 pages, shall be filed by November 18, 2005.  In the supplemental pleadings, the parties are permitted to advance sentencing arguments previously barred or deemed "not ordinarily relevant" under pre-Booker guideline analysis.  See United States v. Booker, 160 L.Ed. 621, 125 S. Ct. 738 (2005).   Counsel should be mindful that the question at this point is not whether the defendant should have

ORDER   -1-

received a different sentence. Those questions may be addressed if a resentencing is ordered.

If the Court determines that resentencing is warranted, the Court will vacate the sentence and schedule a new sentencing hearing with the defendant present. If the Court concludes that the sentencing decision would not have been materially different, the Court will enter an order denying resentencing with an appropriate explanation.

IT IS SO ORDERED.

DATED this 28th day of October, 2005.

_____
Thomas S. Zilly
United States District Judge

ORDER  -2-